IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00587-BNB

ROY HERNANDEZ,

     Applicant,

v.

TOM CLEMENTS, Executive Director CO. D.O.C., and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

     Applicant, Roy Hernandez, currently is confined at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  He has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and paid the $5.00 filing fee.

     The Court must construe the application liberally because Mr. Hernandez is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Hernandez will be directed to file an amended application.

     Mr. Hernandez alleges that he was convicted by a jury in the District Court of Weld County, Colorado, in Case No. 93CR760 on charges of burglary, theft, and attempt to commit sexual assault.  He was sentenced to twelve years of incarceration, and contends he was sentenced illegally to mandatory parole.  Judgment was entered

on November 12, 1998.  He fails to provide sufficient details about his direct appeal

from the judgment of conviction or the postconviction motion he filed.  He fails to assert

any claims.

The Court will not speculate as to what, if any, federal constitutional claims Mr.

Hernandez may be trying to assert.  The Court must construe Mr. Hernandez's filings

liberally, but is not required to fashion his arguments for him where his allegations are

merely conclusory or suggestive in nature and are without supporting factual averments.

 *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see also United*

*States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting

for truffles buried in briefs.").

Pleading in § 2254 federal habeas corpus cases is governed by Rule 2 of the

Rules Governing Section 2254 Cases in the United States District Courts (Section 2254

Rules), which requires more specific pleading than the rules governing ordinary civil

cases.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (Notice pleading is not

sufficient; the petition is expected to state facts that point to "a real possibility of

constitutional error."); *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)

(same); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (Section 2254 Rule 2(c), which is

more demanding than Rule 8(a) of the Federal Rules of Civil Procedure, requires the

petition to "specify all the grounds for relief available to the petitioner" and "state the

facts supporting each ground.").

However, the Federal Rules of Civil Procedure do apply to applications for

habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of*

*Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th

2

Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Because Mr. Hernandez fails to assert any claims, he will be directed to file an amended application asserting exhausted claims that comply with the pleading requirements of Rule 2(c) of the Section 2254 Rules and Rule 8 of the Federal Rules of Civil Procedure.  Failure to do so within the time allowed will result in the dismissal of the instant action.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended application.

The only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Therefore, his warden, and not Tom Clements, is the proper party to this action.  Mr. Hernandez must provide the complete address for the proper Respondent.

Accordingly, it is

ORDERED that Applicant, Roy Hernandez, file **within thirty days from the date of this order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28

3

U.S.C. § 2254 that complies with the pleading requirements of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Hernandez shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form, along with the applicable instructions, at www.cod.uscourts.gov, to use in submitting the amended application.  It is

FURTHER ORDERED that if Mr. Hernandez fails within the time allowed to file an amended application as directed, the application will be denied and the action dismissed without prejudice and without further notice.

DATED March 12, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

4