IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00587-BNB

ROY E. HERNANDEZ,

    Applicant,

v.

COLORADO DPT. OF CORRECTIONS EXECUTIVE DIRECTOR,
RON MURRAY (Director), CMRC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE
THIRD AND FINAL AMENDED APPLICATION

---

    Applicant, Roy E. Hernandez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs. He has filed *pro se* a second amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 12), and has paid the $5.00 filing fee for a habeas corpus action.

    The Court must construe the application liberally because Mr. Hernandez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hernandez will be ordered to file a third and final amended application.

    Mr. Hernandez's asserted claim that he is illegally incarcerated is confusing. Ostensibly, he is challenging his conviction in Weld County District Court Criminal

Action No. 93CR760. Although he alleges he is confined at the Cheyenne Mountain Re-Entry Center pursuant to his conviction and twelve-year sentence in No. 93CR760, he complains about being arrested on a parole violation stemming from a conviction in a separate action, No. 93CR708, after allegedly having served his parole from that conviction. He contends the six-year sentence in No. 93CR708 was to run consecutive to the sentence in No. 93CR760, and maintains that he completed the three-year mandatory parole portion of the sentence in No. 93CR708 on October 7, 2012. He argues that he has been illegally incarcerated since he completed the three-year mandatory parole in No. 93CR708, which is confusing if the sentence in No. 93CR708 is to run consecutive to the sentence in No. 93CR760, the sentence he currently appears to be serving. He asks for his immediate release from custody as relief.

As a result of Mr. Hernandez's allegations, it is not clear why Mr. Hernandez currently is confined at the Cheyenne Mountain Re-Entry Center, what conviction(s) or sentence(s) he may be challenging in this action, or why he believes he is entitled to habeas corpus relief in federal court. It also is not clear whether Mr. Hernandez's claims in this habeas corpus action properly are asserted pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. If Mr. Hernandez seeks to challenge the validity of a state court conviction or sentence, his claims properly are asserted pursuant to § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). If Mr. Hernandez is not challenging the validity of a state court conviction or sentence and, instead, seeks to challenge the execution of a state sentence, his claims properly are asserted pursuant to § 2241. *See id.*

In order for the Court and Respondents to address his claims in this action, Mr.

Hernandez must provide a clear statement of those claims. Therefore, Mr. Hernandez will be ordered to file a third and final amended application. Mr. Hernandez should determine the appropriate statutory authority for his claims and file one pleading on the proper form asserting those claims.

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), which apply even if Mr. Hernandez is challenging the execution of his sentence pursuant to § 2241, he must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim. In addition, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the third and final amended application.

Mr. Hernandez's handwriting is difficult to read and the ink is faded, which makes understanding his handwritten allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The third and final amended

application Mr. Hernandez will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

Finally, Mr. Hernandez must name an appropriate Respondent in the third and final amended application he will be directed to file. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Because Mr. Hernandez currently is incarcerated at the Cheyenne Mountain Re-Entry Center, he should name the warden of that facility as Respondent.

Accordingly, it is

ORDERED that Applicant, Roy E. Hernandez, is directed **within thirty (30) days from the date of this order** either to file a third and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that only challenges the validity of his conviction and sentence or a third and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserts claims attacking the execution of his sentence. It is

FURTHER ORDERED that Mr. Hernandez shall obtain the proper, Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov, and use all pages of that form in submitting the amended application. It is

FURTHER ORDERED that, if Mr. Hernandez fails to comply with the directives of this order within the time allowed, the second amended application will be denied, and the action dismissed without further notice.

DATED May 13, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge